IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William D. Morris, # 09416-021,<br><br>                            Plaintiff,<br><br>vs.<br><br>Frank Cardillo;<br>Deming, Parker, Hoffman, Campbell & Day, LLC,<br><br>                          Defendants. | C/A No. 0:10-0443-JFA-PJG<br><br>**REPORT AND**<br>**RECOMMENDATION** |

      This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff is a self-represented federal inmate at the Federal Prison Camp in Beaumont, Texas. The plaintiff is a former resident of Estill, South Carolina. He was convicted in the United States District Court for the Southern District of Georgia in Criminal No. 4:06-124-BAE-GRS. Defendant Frank Cardillo is an attorney in Savannah employed with the second defendant, a law firm in Savannah.

      The plaintiff has brought suit pursuant to 28 U.S.C. § 2201 seeking a declaratory judgment relating to an alleged conflict of interest by defendant Cardillo during the plaintiff's criminal case,[1] ineffective assistance of counsel, violation of American Bar Association Rules of Professional Conduct, and the alleged violation of the plaintiff's rights to effective assistance of counsel and Due Process by the United States District Court for the Southern District of Georgia.

---

[1] The alleged conflict of interest arises out of Cardillo's representation in a state court case of a person against whom the plaintiff provided evidence.



## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

*PJG*

should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### DISCUSSION

Since the plaintiff is challenging matters which ultimately resulted in his conviction in the United States District Court for the Southern District of Georgia, this case is subject to summary dismissal because a right of action has not accrued. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted); see also Woods v. Candela, 47 F.3d 545 (2nd Cir. 1995) (litigant's conviction reversed by state court in 1993; hence, civil rights action timely filed); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D. Ill. 1995); Seaton v. Kato, No. 94 C 5691, 1995 WL 88956 (N.D. Ill., Feb. 28, 1995); Smith v. Holtz, 879 F. Supp. 435 (M.D. Pa. 1995), affirmed, 87 F.3d 108 (3rd Cir. 1995).



Until the plaintiff's conviction is set aside, any civil rights action based on the conviction, sentence, direct appeal, and related matters will be barred because of the holding in Heck v. Humphrey. Sufka v. Minnesota, Civil No. 07-2528, 2007 WL 4072313 (D. Minn., Nov. 15, 2007). Even so, the limitations period will not begin to run until the cause of action accrues. See Benson v. New Jersey State Parole Bd., 947 F. Supp. 827, 830 & n.3 (D.N.J. 1996) (following Heck v. Humphrey: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); Snyder v. City of Alexandria, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

Heck v. Humphrey is also applicable in civil suits against federal officials and in suits concerning convictions entered in a federal district court. See Stephenson v. Reno, 28 F.3d 26 (5th Cir.1994); Best v. Kelly, 309 U.S. App. D.C. 51, 39 F.3d 328, 330 (D.C. Cir. 1994); Williams v. Hill, 878 F. Supp. 269, 272 (D.D.C. 1995) ("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his Bivens action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."), affirmed, 316 U.S. App. D.C. 78, 74 F.3d 1339 (D.C. Cir. 1996); Zolicoffer v. FBI, 884 F. Supp. 173 (M.D. Pa. 1995); see also Parris v. United States, 45 F.3d 383 (10th Cir. 1995) (Heck v. Humphrey applicable to suits brought under the Federal Tort Claims Act); Williams v. Hill, 878 F. Supp. at 270-273 (Heck v. Humphrey applicable to civil "RICO" action filed by a federal prisoner against federal prosecutors and other officials).

PJG

Heck v. Humphrey is applicable, even though a litigant seeks declaratory relief and not damages. See Womack v. Grannis, No. 1:09-cv-01241-LJO-YNP PC, 2009 WL 5088765, *4 (E.D. Cal, Dec. 17, 2009); Jones v. Staples, No. 1:09-cv-1030, 2009 WL 4251138, *3 (W.D. Mich., Nov. 24, 2009) ("To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)[.]"); Cox v. Ashcroft, 601 F. Supp. 2d 1261, 1272 (E.D. Cal. 2009) ("This bar also extends to claims for declaratory relief.").

The above-captioned case is not maintainable as a civil rights action. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant deprived him or her of a federal right, and (2) did so under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52 (1999); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980).

The district court in Hall v. Quillen had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

Hall v. Quillen, 631 F.2d at 1155 (citations omitted); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also

avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. See Lugar v. Edmondson Oil Co., 457 U.S. at 936; Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961).[2]

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). In Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority." Brummett v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991); see also Auster Oil & Gas Co.,

---

[2]Burton involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. West v. Atkins, 487 U.S. 42, 48-49 (1988) (collecting cases).



Inc. v. Stream, 764 F.2d 381, 388 (5th Cir. 1985); American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. at 50-52 (holding that a private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); cf. Kreschollek v. Southern Stevedoring Co., 223 F.3d 202 (3rd Cir. 2000) (applying holding in Sullivan to a suit alleging action under color of federal law and holding that the termination of Longshoremen and Harbor Workers' Compensation Act benefits by an insurance company did not involve "federal government" action). Hence, defendant Cardillo's allegedly "conflicted" representation of the plaintiff does not constitute action under color of state law.

Even if the plaintiff had alleged conspiracy on the part of his former attorney with the other persons, such allegations will not defeat the applicability of Heck v. Humphrey. See Parra v. New Hampshire, No. 94-1204, 40 F.3d 1235 (Table), 1994 WL 637001 (1st Cir., Nov. 15, 1994), where the United States Court of Appeals for the First Circuit commented:

> Given that there is no cause of action under § 1983 against the state actors, even proper allegations of conspiracy would not suffice to bring the private actors or the immune parties within the ambit of § 1983. Therefore, even if appellant's complaint had included more than conclusory allegations of collusion and conspiracy between private defendants, the prosecutors and local officials – which it did not – the § 1983 claims against those parties would still be foreclosed by Heck.

Parra v. New Hampshire, 1994 WL 637001 at *2; see also Gernard v. Idhe, No. C 92 4617 TEH, 1995 WL 91326, *2 (N.D. Cal., Feb. 28, 1995) ("There is no way that plaintiff can allege a massive conspiracy, in which over ten individuals conspired to convict him with fabricated and altered evidence, without simultaneously calling the integrity of his conviction into question."); Pinnick v. Mellen, Civ. Act. No. 93-12018-Z, 1995 WL 96923, *9 (D. Mass., Feb. 28, 1995) (suit by prisoner against his former defense attorney: "The

Inc. v. Stream, 764 F.2d 381, 388 (5th Cir. 1985); American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. at 50-52 (holding that a private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); cf. Kreschollek v. Southern Stevedoring Co., 223 F.3d 202 (3rd Cir. 2000) (applying holding in Sullivan to a suit alleging action under color of federal law and holding that the termination of Longshoremen and Harbor Workers' Compensation Act benefits by an insurance company did not involve "federal government" action). Hence, defendant Cardillo's allegedly "conflicted" representation of the plaintiff does not constitute action under color of state law.

Even if the plaintiff had alleged conspiracy on the part of his former attorney with the other persons, such allegations will not defeat the applicability of Heck v. Humphrey. See Parra v. New Hampshire, No. 94-1204, 40 F.3d 1235 (Table), 1994 WL 637001 (1st Cir., Nov. 15, 1994), where the United States Court of Appeals for the First Circuit commented:

> Given that there is no cause of action under § 1983 against the state actors, even proper allegations of conspiracy would not suffice to bring the private actors or the immune parties within the ambit of § 1983. Therefore, even if appellant's complaint had included more than conclusory allegations of collusion and conspiracy between private defendants, the prosecutors and local officials – which it did not – the § 1983 claims against those parties would still be foreclosed by Heck.

Parra v. New Hampshire, 1994 WL 637001 at *2; see also Gernard v. Idhe, No. C 92 4617 TEH, 1995 WL 91326, *2 (N.D. Cal., Feb. 28, 1995) ("There is no way that plaintiff can allege a massive conspiracy, in which over ten individuals conspired to convict him with fabricated and altered evidence, without simultaneously calling the integrity of his conviction into question."); Pinnick v. Mellen, Civ. Act. No. 93-12018-Z, 1995 WL 96923, *9 (D. Mass., Feb. 28, 1995) (suit by prisoner against his former defense attorney: "The

Inc. v. Stream, 764 F.2d 381, 388 (5th Cir. 1985); American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. at 50-52 (holding that a private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); cf. Kreschollek v. Southern Stevedoring Co., 223 F.3d 202 (3rd Cir. 2000) (applying holding in Sullivan to a suit alleging action under color of federal law and holding that the termination of Longshoremen and Harbor Workers' Compensation Act benefits by an insurance company did not involve "federal government" action). Hence, defendant Cardillo's allegedly "conflicted" representation of the plaintiff does not constitute action under color of state law.

Even if the plaintiff had alleged conspiracy on the part of his former attorney with the other persons, such allegations will not defeat the applicability of Heck v. Humphrey. See Parra v. New Hampshire, No. 94-1204, 40 F.3d 1235 (Table), 1994 WL 637001 (1st Cir., Nov. 15, 1994), where the United States Court of Appeals for the First Circuit commented:

> Given that there is no cause of action under § 1983 against the state actors, even proper allegations of conspiracy would not suffice to bring the private actors or the immune parties within the ambit of § 1983. Therefore, even if appellant's complaint had included more than conclusory allegations of collusion and conspiracy between private defendants, the prosecutors and local officials – which it did not – the § 1983 claims against those parties would still be foreclosed by Heck.

Parra v. New Hampshire, 1994 WL 637001 at *2; see also Gernard v. Idhe, No. C 92 4617 TEH, 1995 WL 91326, *2 (N.D. Cal., Feb. 28, 1995) ("There is no way that plaintiff can allege a massive conspiracy, in which over ten individuals conspired to convict him with fabricated and altered evidence, without simultaneously calling the integrity of his conviction into question."); Pinnick v. Mellen, Civ. Act. No. 93-12018-Z, 1995 WL 96923, *9 (D. Mass., Feb. 28, 1995) (suit by prisoner against his former defense attorney: "The

United States Supreme Court has made it clear that before a prisoner can seek injunctive or monetary relief that would call into question the validity of the conviction or sentence, he must have the conviction or sentence discredited by a state tribunal or by a writ of habeas corpus."); cf. Stubbs v. Hunter, 806 F. Supp. 81, 82-83 (D.S.C. 1992); Wetherington v. Phillips, 380 F. Supp. 426, 428-29 (E.D.N.C. 1974), affirmed, 526 F.2d 591 (4th Cir. 1975) (Table); Joyner v. Abbott Laboratories, 674 F. Supp. 185, 191 (E.D.N.C. 1987).

Since the plaintiff appears to be seeking relief from his conviction and sentence entered in the United States District Court for the Southern District of Georgia, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. In United States v. Morehead, No. 97 CR 391, 2000 WL 1788398 (N.D. Ill., Dec. 4, 2000, the court stated:

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶1 is a motion under § 2255...." United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶1. Therefore, this court must construe this motion as a § 2255 motion.

Id. The United States Court of Appeals for the Seventh Circuit has similarly held that substance controls over the caption. See United States v. Lloyd, 398 F.3d 978, 979-80 (7th Cir. 2005).

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., Ramunno v. United States, 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita



querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir.1996).

Id. (quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original); see also United States v. Winestock, 340 F.3d 200 (4th Cir. 2003).

Finally, to the extent the plaintiff is seeking to assert a state legal malpractice claim, it must be dismissed.[3] Inquiries in a legal malpractice action are distinct from inquiries in a post-conviction (or habeas corpus) proceeding as to whether an attorney was "ineffective." Compare Cianbro Corporation v. Jeffcoat and Martin, 804 F. Supp. 784, 788-91 (D.S.C. 1992) (plaintiff in legal malpractice action must establish by expert testimony specific duty required of the attorney and the breach thereof), affirmed, Cianbro Corporation v. Jeffcoat and Martin, No. 92-2368, 10 F.3d 806 (Table), 1993 WL 478836 (4th Cir., Nov. 22, 1993),[4] with Hill v. Lockhart, 474 U.S. 52, 56-60 (1985) (in a post-conviction or habeas corpus proceeding, a state prisoner must show that there is a reasonable probability that, but for counsel's alleged errors, he or she would not have been convicted). As to any claim for legal malpractice, the Complaint is devoid of factual allegations sufficient to establish a plausible claim for relief. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

On page 7 of his Complaint, the plaintiff writes:

---

[3]The court observes that this construction is liberal indeed, since the plaintiff has filed this case as a declaratory judgment action pursuant to 28 U.S.C. § 2201. His Complaint does, however, reference damages in the amount of $1,086.96 per minute. (See Compl. ¶ 9a, Docket Entry 1 at 7.)

[4]Cianbro Corporation v. Jeffcoat and Martin concerned the actions of a law firm in South Carolina.



> Will this Honorable Court please tell Morris, if possible, if there is any relief, motion, rule, action, etc. available in his criminal case? Is the only suit left at this time a 42 U.S.C. § 1983?

This request seeks an advisory opinion. FCC v. Pacifica Foundation, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."); see also Herb v. Pitcairn, 324 U.S. 117, 126 (1945) ("We are not permitted to render an advisory opinion[.]");[5] Incumaa v. Ozmint, 507 F.3d 281, 289 (4th Cir. 2007) ("Federal courts are not comprised of philosopher-kings or legislative aides, and the Constitution forbids us from pontificating about abstractions in the law or merely giving advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy."); United States v. Burlington N. R.R. Co., 200 F.3d 679, 699 (10th Cir. 1999) (refusing to respond to party's "request for guidance in future cases" because the request was "tantamount to a request for an advisory opinion").

## RECOMMENDATION

Accordingly, the court recommends that the above-captioned case be dismissed without prejudice and without issuance and service of process. In light of this recommendation, the court further recommends that the plaintiff's motion for discovery (Docket Entry 9) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 13, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the Notice on the next page.*

---

[5]Other portions of the decision in Herb v. Pitcairn have been superannuated by later case law. See Michigan v. Long, 463 U.S. 1032 (1983).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).