UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William D. Morris, #09416-021, ) | C/A No. 0:10-443-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| Frank Cardillo; Deming, Parker, Hoffman, ) | |
| Campbell & Day, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, William D. Morris, brings this action pursuant to 28 U.S.C. § 2201, the Federal Declaratory Judgment Act (FDJA). He is currently incarcerated at the Federal Prison Camp in Beaumont, Texas and was formerly housed at the Federal Correctional Institution (FCI) in Estill, South Carolina. The plaintiff pled guilty to criminal charges and was sentenced in the United States District Court for the Southern District of Georgia. Frank Cardillo, an attorney in Savannah, Georgia, along with his law firm, are the named defendants in this action. Plaintiff seeks a declaratory judgment relating to his allegations of ineffective assistance of counsel and a conflict of interest by defendant Cardillo during the pendency of plaintiff's criminal case in the Southern District of Georgia.

The Magistrate Judge assigned to this action[1] has prepared a Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject,

1

Recommendation and suggests that the complaint should be summarily dismissed because a right of action has not accrued. *Heck v. Humphrey*, 512 U.S. 477 (1994). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation. In his timely objections, the plaintiff contends that this action was *not* filed pursuant to 42 U.S.C. § 1983 as the Magistrate Judge suggests and that *Heck* is irrelevant. Rather, the plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 regarding events that occurred in a separate federal district and circuit. He asks the court to declare whether his former criminal trial counsel, the presiding judge, and the prosecutor violated his constitutional rights.

Essentially, the plaintiff seeks an advisory opinion which this court is without jurisdiction to render. *Incumaa v. Ozmint*, 507 F.3d 281 (4th Cir. 2007). It appears that the plaintiff's questions for which he seeks a declaration are concerning matters about which he may file an action in the future. Clearly, the court should not issue an advisory opinion concerning any of those matters because binding legal precedent prohibits this court from doing so.

Moreover, this action should be summarily dismissed because the gravamen of the plaintiff's action appears to be that he is challenging his federal conviction in the District of

---

or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Southern Georgia. The plaintiff cannot bring a declaratory judgment action to circumvent the habeas statutory requirements, thus, this action fails to state a claim upon which relief may be granted. *See Calderon v. Ashmus*, 523 U.S. 740, 746 (1998).

The Magistrate Judge correctly notes that since the plaintiff appears to be seeking relief from his conviction and sentence entered in the Southern District of Georgia, the relief he requests is available, if at all, under 28 U.S.C. § 2255.[2] Claims attacking one's conviction and sentence must be filed in the District Court where the defendant was sentenced. 28 U.S.C. § 2255(a).

Notably, the plaintiff filed an action in this court under 28 U.S.C. § 2241 (C/A No. 0:09-793-JFA-PJG [D.S.C.]) raising nearly identical issues as he does in this action. The court summarily dismissed that case finding that it should have been filed as one under § 2255 since it challenged the petitioner's sentence from the District of Georgia. The plaintiff was advised in the order that this court did not have jurisdiction to hear a § 2255 claim arising from a sentencing from the Southern District of Georgia.

The plaintiff's remaining objections are overruled: they are without merit and cumulative of the claims he has made in this action and his related case filed under 42 U.S.C. § 1983 (C/A No. 0:10-715-JFA-PJG [D.S.C.]). Additionally, plaintiff's motion for discovery is denied.

The plaintiff has moved for appointment of counsel and for the court to reconsider the

---

[2] This court will not construe this action as one under 28 U.S.C. § 2255.

Magistrate Judge's decision to "overrule her previous grant of *in forma pauperis* and require the plaintiff to pay the $350 filing fee." Under the Prison Litigation Reform Act of 1996, a prisoner may file a civil action without prepayment of fees, but the prisoner must still pay the full amount of the filing fee as funds are available. *See* 28 U.S.C. § 1915(a) and (b). The custodial agency of the plaintiff is charged with collecting the installment payments from the prisoner's trust account until the full filing fee is paid. Plaintiff's request to waive the filing fee is denied. Plaintiff's motion for appointment of counsel is also denied.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper, as it is consistent with this order. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

July 9, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge